STATE OF HAWAI`I, Plaintiff-Appellee-Respondent,
v.
BOB EMCH, Defendant-Appellant-Petitioner.
No. 28009.
Supreme Court of Hawaii.
April 21, 2008.
Stephen K. Tsushima, Deputy Prosecuting, Attorney, for the Plaintiff-Appellee-Respondent The State of Hawai`i.
Phyllis J. Hironaka, Deputy Public Defender, for the Defendant-Appellant-Petitioner Bob Emch

SUMMARY DISPOSITION ORDER
MOON, C.J., LEVINSON, NAKAYAMA, and DUFFY, JJ., and ACOBA, J., dissenting
On January 11, 2008, the defendant-appellant-petitioner Bob Emch filed an application for a writ of certiorari, urging us to review the summary disposition order (SDO) of the Intermediate Court of Appeals (ICA) affirming the May 31, 2006 order of the circuit court of the first circuit, the Honorable Dexter D. Del Rosario presiding, denying his motion to correct an illegal sentence. He argues that the ICA gravely erred in concluding that the circuit court's imposition of an extended term sentence under Hawai`i Revised Statutes (HRS) §§ 706-661 (Supp. 2005)[1] and 706-662(1) (Supp. 2005)[2] did not violate his rights under the fifth, sixth, and fourteenth amendments to the United States Constitution, as explicated in Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny, including State v. Maugaotega, 115 Hawai`i 432, 168 P.3d 562 (2007) (Maugaotega II). See ICA's SDO at 2. We accepted his application on February 20, 2008 for the reason that the ICA's decision was inconsistent with our opinion in Maugaotega II.
Upon carefully reviewing the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we vacate Emch's extended term sentence and remand this case to the circuit court for resentencing consistent with our opinion in State v. Jess, No. 28483, Slip Op. (Haw. March 31, 2008).
Four days after the ICA entered its summary disposition order upholding Emch's extended term sentence, we decided Maugaotega II. In that case, the defendant was sentenced under HRS § 706-662(4)(a), because the circuit court determined that the defendant was a multiple offender whose extended imprisonment was necessary for the protection of the public. 115 Haw. at 436, 168 P.3d at 566. In light of Cunningham, we held that HRS § 706-662 was unconstitutional on its face, insofar as the statute, in all of its iterations, (1) "authorize[d] the sentencing court to extend a defendant's sentence beyond the `standard term' authorized solely by the jury's verdict" and (2) required "the sentencing court, rather than the trier of fact, to make an additional necessity finding that . . does not fall under Apprendi's prior-or-concurrent-convictions exception." 115 Hawai`i at 446, 168 P.3d at 576. Consequently, we concluded that the "extended term sentences imposed by the circuit court violated [the defendant's] sixth amendment right to a jury trial and were illegal." Id. In the present matter, the circuit court imposed an extended term sentence on Emch pursuant to HRS § 706-662(1) because it found Emch to be a persistent offender whose imprisonment for an extended term is necessary for the protection of the public. As such, under Maugaotega II, the sentence violates Emch's sixth amendment right to a jury trial and is therefore illegal. See id.
In addition to requesting a vacatur, Emch also asks us to order the circuit court to resentence him to non-extended terms on remand. In Jess, we held that a defendant, whose extended term sentence imposed under HRS § 706-662 (Supp. 1996) was invalidated, may be resentenced to an extended term of imprisonment pursuant to either (1) a judicially reformed version of the statute where the circuit court exercises its inherent judicial authority or (2) the legislatively amended incarnation of the statute, Act 1, see supra notes 1-2. See No. 28483, Slip Op. at 7-8, 59-67. Hence, upon appropriate motion, the circuit court may resentence Emch to an extended term of imprisonment by exercising its inherent authority to judicially reform HRS § 706-662 (Supp. 2005) or by utilizing the provisions set forth in Act 1.
Therefore,
IT IS HEREBY ORDERED that Emch's extended term sentence is vacated and this case is remanded to the circuit court for resentencing consistent with our opinion in Jess.
NOTES
[1] In 2005, HRS 706-661 provided:

In the cases designated in [HRS §] 706-662 [see infra note 2], a person who has been convicted of a felony may be sentenced to an extended indeterminate term of imprisonment. When ordering such a sentence, the court shall impose the maximum length of imprisonment which shall be as follows:
(1) For murder in the second degree  life without the possibility of parole;
(2) For a class A felony  indeterminate life term of imprisonment;
(3) For a class B felony indeterminate twenty-year term of imprisonment; and
(4) For a class C felony  indeterminate ten-year term of imprisonment.
The minimum length of imprisonment for sections 2, 3, and 4 shall be determined by the Hawai[']i paroling authority in accordance with [HRS §] 706-669.
Effective June 22, 2006, the legislature amended HRS §§ 706-661 and -662, see 2006 Haw. Sess. L. Act 230, §§ 23, 24, and 54 at 1012-13, 1025, to address concerns raised by the Hawai`i Judicial Council that Hawaii's extended term sentencing scheme faced challenges in federal court that it violated a defendant's right to a jury trial, protected under the sixth amendment to the United States Constitution, as articulated in Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny. See Report of the Committee to Conduct a Comprehensive Review of the Hawai`i Penal Code at 271-27q (2005); Sen. Stand. Comm. Rep. No. 3215, in 2006 Senate Journal, at 1557; Hse. Stand. Comm. Rep. No. 665-06, in 2006 House Journal, at 1359. The amended version of HRS § 706-661 provided in relevant part:
The court may sentence a person who satisfies the criteria for any of the categories set forth in [HRS §] 706-662 to an extended term of imprisonment, which shall have a maximum length as follows:
(1) For murder in the second degree  life without the possibility of parole;
(2) For a class A felony  indeterminate life term of imprisonment;
(3) For a class B felony  indeterminate twenty-year term of imprisonment; and
(4) For a class C felony  indeterminate ten-year term of imprisonment.
In exercising its discretion on whether to impose the extended term of imprisonment or to use other available sentencing options, the court shall consider whether the extended term is necessary for the protection of the public and whether the extended term is necessary in light of the other factors set forth in [HRS §1 706-606.
When ordering an extended term sentence, the court shall impose the maximum length of imprisonment. .
(Emphasis added.) Effective June 30, 2007, the amended version of HRS § 706-661 expired and the Supp. 2003 version, supra this note, was reenacted. See 2006 Haw. Sess. L. Act 230, § 54 at 1025.
Finally, effective October 31, 2007, the legislature amended HRS §706-661 as part of its reform of the state's extended term sentencing laws to bring them into compliance with the requirements of Apprendi and its progeny. HRS § 606-661 was amended to read:
Extended terms of imprisonment. The court may sentence a person who satisfies the criteria for any of the categories set forth in [HRS §] 706-662[, infra note 3,] to an extended term of imprisonment, which shall have the maximum length as follows:
(1) For murder in the second degree  life without the possibility of parole;
(2) For a class A felony  indeterminate life term of imprisonment;
(3) For a class B felony indeterminate twenty-year term of imprisonment; and
(4) For a class C felony  indeterminate ten-year term of imprisonment.
When ordering an extended term sentence, the court shall impose the maximum length of imprisonment. The minimum length of imprisonment for an extended term sentence under paragraphs (2), (3), and (4) shall be determined by the Hawai[`]i paroling authority in accordance with [HRS §] 706-669.
H.B. 2, 24th Leg., Second Spec. Sess. (2007), available at http://capitol.hawaii.gov/splsession2007b/bills/HB2_.htm (enacted as Act 1 on October 31, 2007), see http://capitol.hawaii.gov/sitel/archives/2007b/ getstatus2.asp?billno-HB2.
[2] In 2005, HRS § 706-662 provided in relevant part:

A convicted defendant may be subject to an extended term of imprisonment under [HRS §] 706-661, if the convicted satisfies one or more of the following criteria:
(1) The defendant is a persistent offender whose imprisonment for an extended term is necessary for protection of the public. The court shall not make this finding unless the defendant has previously been convicted of two felonies committed at different times when the defendant was eighteen years of age or older.
In section 24 of Act 230, effective June 22, 2006, the legislature amended HRS § 706-662 to address the same alleged constitutional infirmities discussed supra in note 1. Act 230 amended HRS § 706-662 to provide in relevant part:
A defendant who has been convicted of a felony qualifies for an extended term of imprisonment under [HRS §] 706-661 if the convicted defendant satisfies one or more of the following criteria:
(1) The defendant is a persistent offender in that the defendant has previously been convicted of two felonies committed at different times when the defendant was eighteen years of age or older;
Effective June 30, 2007, the amended version of HRS § 706-662 expired and the Supp. 2005 version, supra this note, was reenacted. See 2006 Haw. Sess. L. Act 230, § 54 at 1025.
Effective October 31, 2007, the legislature again amended HRS § 706-662 as part of its reform of the state's extended sentencing scheme to bring it into compliance with Apprendi and Cunningham v. California, 549 U.S. ___, 127 S. Ct. 856 (2007). The amended version of HRS § 706-662 provides in relevant part:
Criteria for extended terms of imprisonment: A defendant who has been convicted of a felony may be subject to an extended term of imprisonment under [HRS §] 706-661[, see supra note 1,] if it is proven beyond a reasonable doubt that an extended term of imprisonment is necessary for the protection of the public and that the convicted defendant satisfies one or more of the following criteria:
(1) The defendant is a persistent offender in that the defendant has previously been convicted of two or more felonies committed at different times when the defendant was eighteen years of age or older .
H.B. 2, 24th Leg., Second Spec. Sess. (2007), available at http://capitol.hawaii.gov/splsession2007b/bills/HB2.htm (enacted as Act 1 on October 31, 2007), see http://capitol.hawaii.gov/sitel/archives/2007b/ getstatus2.asp?billno=HB2.